FILED
JAN 13 2006
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: ) | No. 05-11441-PCW13 |
| ) | |
| WILLIAM A. and MYRNA J. COAN, ) | MEMORANDUM DECISION RE: |
| ) | DEBTORS' MOTION FOR ORDER |
| Debtors. ) | EXTENDING THE 11 U.S.C. |
| ) | § 362 AUTOMATIC STAY |
| ) | (Docket No. 17) |

THIS MATTER comes before the Court pursuant Debtors' Motion for Order Extending the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3). The Debtors' Motion seeks to extend the automatic stay for the life of the plan unless sooner ordered or modified by the Court. This is the first motion of its kind filed in this Court under the 2005 revisions to the Code.

A motion to extend the automatic stay under § 362(c)(3) arises in situations wherein an individual debtor has had a case pending but which was dismissed within one year prior to the current case. The purpose of § 362(c)(3) is to limit the protection of the automatic stay when repeated bankruptcy cases are filed. In order to rule upon the pending motion, it is necessary for this Court to review the case docket of the Debtors' preceding case.

Debtors William and Myrna Coan filed a Chapter 13 proceeding on October 7, 2004, Case No. 04-07405-PCW13. The plan required the Debtors to pay $1,776.00 to the Chapter 13 Trustee for two months and $1,826.00 per month for the remaining 58 months of the plan. The home mortgage holder was Wells Fargo. In compliance with LBR

2083-1(f)(1), regular monthly mortgage payments were to be made to Wells Fargo by the Trustee as well as payments to cure the pre-petition arrearage. The Debtors reported net monthly income of $3,001.00. The plan was confirmed on January 11, 2005 without objection. No motion to lift the automatic stay was filed in the case. On June 23, 2005, the Chapter 13 Trustee filed a Motion to Dismiss for Non-Payment which was granted unopposed on July 22, 2005.

Debtors' current Chapter 13 was filed on December 15, 2005. Assuming that § 362(c)(3) applies, the automatic stay would terminate on the 30th day after the filing of the case, which, in this case, would be January 17, 2006. Fed. R. Civ. P. 6.

### NOTICE

A motion to extend the stay under § 362(c)(3) was filed January 6, 2006. LBR 4001(b)(2) requires such motions to be served on the Master Mailing List on ten-days notice, plus three days if notice is given by mail. The Debtors sought permission to shorten time and an order was entered allowing the Debtors on January 6, 2006 to mail the notice of the motion and hearing scheduled for January 12, 2006 to the Master Mailing List. Debtors were authorized to provide facsimile notice to Wells Fargo and the Chapter 13 Trustee. Although the Court determined such notice was adequate under the circumstances of this specific case, the shortened notice allowed interested parties little time to file any objection and prepare for the hearing. In fact, Wells Fargo did not object to the motion or appear at the hearing. Better practice would be to file and serve the motion to extend the stay under § 362(c)(3) when the second case is filed, or immediately

MEMORANDUM DECISION RE: . . . 2

thereafter. This is particularly true in this District as typically hearings are not scheduled by the Court until an objection is filed and the motion becomes a contested matter.

## REQUESTED RELIEF

By statute, the relief requested in the motion can only be granted after notice and hearing. The present motion is unclear as to whether the request is to extend the stay as to all creditors or to extend the stay only as to Wells Fargo. As no motions to lift the automatic stay were filed in the first case, § 362(c)(3)(C)(ii) is inapplicable. If the Debtors seek to extend the automatic stay as to all creditors, § 362(c)(3)(C)(i) would be applicable. If the Debtors seek to extend the automatic stay only as to Wells Fargo, § 362(c)(3)(A) and (B) are the only applicable sections. The distinction is of vital importance as the Debtors must demonstrate that the second case was commenced in good faith by a preponderance of evidence under § 362(c)(3)(A) and (B). However, under (C) there is a rebuttable presumption that the second case was commenced in bad faith, and the Debtors must overcome that presumption by clear and convincing evidence. At the hearing on January 12, 2006, counsel for the Debtors clarified that the request was to extend the stay as to all creditors. *In re Charles*, 334 B.R. 207 (Bankr. S.D. Tex. 2005) contains an excellent discussion of the respective evidentiary standards and burdens of proof.[1]

---

[1] While the *In re Charles* opinion dated November 30, 2005 does not apply the law of the Ninth Circuit and is not persuasive authority on that basis, the graphs contained within the opinion are informative as to the respective burdens of proof and evidentiary standards.

MEMORANDUM DECISION RE: . . . 3

## NECESSITY FOR MOTION

The U.S. Supreme Court has repeatedly stated that statutes are to be read according to the "plain meaning" of the language in the statute. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.29 808 (1997); *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Unfortunately, there is no "plain meaning" of the 2005 revisions to § 362, particularly (c)(3). It is an understatement to say the 2005 statutory revision is ambiguous. To ascertain the meaning of this statutory enactment, other rules of statutory construction must be applied. The use of the same phrase or word in various parts of a statute is of great importance. When Congress uses the same words within the statute, the words are presumed to have the same meaning. When Congress uses different words, the words are presumed to have different meanings. *Bank of America v. 203 North LaSalle St.*, 526 U.S. 434, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999). If particular words or phrases are used in one portion of a statute but omitted in other portions of the statute, the omission is deemed to be intentional. *Keene Corp. v. U.S.*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); see also *In re Transcon Lines*, 58 F.3d 1432 (9th Cir. 1995), *cert. denied*, 516 U.S. 1146, 116 S.Ct. 1016, 134 L.Ed.2d 96 (1996).

Sections (c)(1) and (2) of § 362 refer to the automatic stay of an "act." The word "act" is different than the phrase "action taken." BLACK'S LAW DICTIONARY 26 (8th ed. 2004) defines "act" in the most general sense as something done voluntarily by a person. BLACK'S LAW DICTIONARY 31 (8th ed. 2004) states that in its most usual legal sense "action" means a proceeding brought in a court.

MEMORANDUM DECISION RE: . . . 4

Sections (a)(1) and (b)(1) of § 362 refer to the commencement or continuation of any judicial, administrative or criminal "action." Several other sections of § 362 refer to "actions" in the sense of formal, legalistic proceedings. For example, the commencement of a foreclosure is an "action" under § 362(b)(8), but repossession of collateral is an "act" under (a)(5). With Congress's repeated use of the word "action" in § 362 to refer to a type of formal legalistic proceeding or process, its use of the phrase "actions taken" in (c)(3)(A) must be interpreted to mean a legalistic process or proceeding which occurred in the past. If it had intended to mean any "act" which occurred in the past, it would have used the word "act." By using the term "action" in (c)(3)(A), Congress must have intended the word to have the same meaning as when the same word was used elsewhere in the statute.

Application of the usual rules of statutory construction results in the conclusion that if some formal legalistic proceeding has occurred prior to the commencement of the second bankruptcy case, the automatic stay is no longer applicable to that proceeding as of the 31st day after the commencement of the second case. Subsection (c)(3) only renders the stay inapplicable to that action, not to any "act" as referenced in (a)(3), (4), (5) or (6). *In re Paschal*, ___ B.R. ___ (E.D.N.C. 2006). There is no evidence in this case that any formalistic legal proceeding or "action" occurred prior to the commencement of the second bankruptcy case. Therefore, (c)(3) is inapplicable.

The timing of this matter has not allowed the Court or the parties a full opportunity to consider the above analysis nor did any creditor appear at the hearing. Any error in the analysis of

MEMORANDUM DECISION RE: . . . 5

the applicability of § 362(c)(3) would have drastic consequences on the Debtors. For those reasons, the Court will also address the merits of the matter as though (c)(3) is applicable.

**EVIDENCE**

In support of their Motion, the Debtors submitted the Declaration of Myrna Coan, who explained that during her prior Chapter 13 case, the plan payment required a majority of her and her husband's disposable income. The Declaration states that their financial circumstances have since changed and their income has now increased. The Schedule "I" filed in the second case indicates a monthly net income of $4,206.00. While the first case was pending, the Debtors were approached by a mortgage lender who misrepresented that a refinance of their home would be arranged. At the closing of the purported refinance, the Debtors were advised by the closing attorney not to sign the closing documents as they reflected a sale and "buy back" rather than a refinance.

The Debtors' current plan filed on December 15, 2005 provides for payment of $3,001.00 for 36 months and is a 100% plan. The current monthly mortgage payment of $1,298.00 is paid through the plan to Wells Fargo commencing January 1, 2006. The plan indicates an arrearage to Wells Fargo of $35,100.00, paid at $1,098.00 per month at 7.88% interest. The only other secured claim in the plan is on a vehicle in the amount of $2,775.00, which is to be paid at $88.24 per month.

Since the Debtors request an extension of the automatic stay as to all creditors, § 362(c)(3)(C)(i) must be examined in detail. As stated in *In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005), these statutory provisions are at best, difficult to understand,

MEMORANDUM DECISION RE: . . . 6

and at worst, "virtually incoherent." Subpart (C)(i)(I) is not applicable as it governs situations where more than one prior case existed.² Subpart (C)(i)(II) relates to dismissals of the prior case for (aa) failure to file or amend pleadings (inapplicable in this case); (bb) failure to provide adequate protection (inapplicable in this case); or (cc) failure to perform the terms of a confirmed plan. Failure to pay as required by a confirmed plan is a failure to comply with the plan's terms, and that subpart renders the rebuttable presumption of bad faith applicable to this case. Subpart (C)(i)(II)(cc) is satisfied by the evidence that the Debtors may have been the victims of an unscrupulous mortgage lender.

A failure to pay is not only a failure to comply with the plan's terms under (C)(i)II(c), but is also related to and redundant to the analysis required by subpart (C)(i)(III) which addresses a "substantial change in the financial or personal affairs of the debtor." The Debtors have also submitted clear and convincing evidence of a substantial change in their financial affairs. Subpart (C)(i)(III) is further divided into subparts with (bb) being relevant in this case. That is the requirement that the second case most likely will result in a confirmed plan capable of being fully performed. This requirement of (C)(i)III(bb) is related to and redundant to part of the analysis under (3)(B). On its face, the plan and supporting schedules indicate that the plan

---

²Subpart (c)(4) also governs situations where more than one prior bankruptcy case existed. Fortunately, the current situation does not require the Court to address the difficulties caused by the inconsistencies between the two subparts.

MEMORANDUM DECISION RE: . . . . 7

has a reasonable probability of confirmation and there exists a reasonable probability of success.

**CONCLUSION**

Having heard the arguments of counsel for the Debtors, and having reviewed the record, the Court finds that the Debtors have rebutted the presumption under (C)(i) and established, by clear and convincing evidence, that the present Chapter 13 case was filed in good faith. The § 362 stay should be extended as to all creditors during the pendency of the case.

DATED this 13th day of January, 2006.

*Patricia C. Williams*
PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . 8